Opinion filed December 15, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 15, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00023-CR 

 

                                                    __________

 

                                     MIGUEL PORTILLO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                          On
Appeal from the County Criminal Court at Law No. 2

 

                                                          Harris
County, Texas

 

                                                 Trial
Court Cause No. 1257318

 



 

                                                                   O
P I N I O N

 

The jury convicted 
Miguel Portillo of the misdemeanor offense of driving while
intoxicated.  The trial court assessed
his punishment at confinement for one year in the Harris County Jail. Appellant
asserts that the evidence is legally and factually insufficient to support his
conviction.  After reviewing all of the
evidence presented, we affirm.  

 








Background Facts

On September 7, 2004, Officers Steve Twitty and
Gary Smidt of the Harris County Sheriff=s
Department stopped appellant for speeding after observing him driving sixty
miles per hour (mph) in a forty or forty-five mph speed zone.[1]  Upon approaching appellant=s pickup and speaking to him, Officer
Twitty smelled a strong odor of alcohol on appellant=s
breath and noticed that his speech was slurred. 
Officer Twitty also observed an open twelve-ounce bottle of beer in a
cup holder next to appellant.  At Officer
Twitty=s
request, appellant stepped out of his pickup and consented to a search of his
vehicle.  During the search, Officer
Twitty touched the beer in the cup holder and noticed that it was still cold
and damp.  In the back seat of the
pickup, Officer Twitty found an empty beer bottle and a beer bong.[2]  An ice chest with five or six beers was found
in the bed of appellant=s
pickup.

After the search, appellant agreed to perform
field sobriety tests, namely the Horizontal Gaze Nystagmus (HGN) test,[3]
the walk-and-turn test, and the one-legged-stand test.  Based on appellant=s
performance on the tests, his physical appearance and demeanor, and the alcohol
found in his pickup, the officers determined that appellant was intoxicated and
arrested him.

Legal & Factual Sufficiency

To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).








To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly
wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have
been met. Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004);
Ross v. State, 133 S.W.3d 618 (Tex. Crim. App. 2004); Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002); Cain v. State, 958 S.W.2d 404
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996).  We review the fact- finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact-finder.  Cain, 958 S.W.2d at 407; Clewis,
922 S.W.2d at 135.  Due deference must be
given to the fact- finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex. Crim. App. 2000).

To prove appellant guilty of DWI, the State was
required to establish beyond a reasonable doubt that he did not have the normal
use of his mental or physical faculties while operating a motor vehicle in a
public place.  Tex. Pen. Code Ann. '' 49.01(2)(A) & 49.04(a) (Vernon
2003). 

Appellant contends that the State did not meet its
burden concerning the element of intoxication. 
His argument consists of several assertions that no Areasonable inference of intoxication@ could be drawn from the evidence that
was presented at trial.  Appellant
particularly questions the probative value of testimony related to the HGN
test.  In 
Emerson v. State, 880 S.W.2d 759 (Tex. Crim. App. 1994), the
Court of Criminal Appeals was unable to conclude that the HGN technique was a
sufficiently reliable indicator of precise blood alcohol content.[4]  Emerson, 880 S.W.2d at 769.  If the testimony related to the HGN test was
the only evidence of appellant=s
intoxication, this argument would have limited merit.          








However, in addition to the evidence related to
the HGN test, the record also shows that appellant exhibited slurred speech and
a strong odor of alcohol on his breath. 
Furthermore, from the officers=
descriptions of appellant=s
performance on the walk-and-turn test and the one-legged-stand test, the jury
learned that appellant had difficulty maintaining his balance and following
directions.  The jury also heard evidence
that an open, partially-consumed, cold and damp beer bottle was located in the
cup holder next to appellant; that an ice chest with five or six beers was
found in the bed of his pickup; and that a beer bong and an empty beer bottle
were discovered in the back seat of his pickup. 
The jury additionally learned that appellant refused to take a breath
test at the station.  Refusal to perform
such a test can be considered by the jury as evidence of intoxication.  Scott v. State, 914 S.W.2d 628, 630
(Tex. App.CTexarkana
1995, no pet.).   Finally, appellant
admitted during trial that he consumed beer at a bar prior to being
stopped.  Considering all of this
evidence together, a rational jury could find that appellant was intoxicated.  Viewed in the light most favorable to the
verdict, we conclude that the record contains legally sufficient evidence of
intoxication.  Point of Error No. 1 is
overruled.

We likewise conclude that the record contains
factually sufficient evidence of intoxication. 
Viewing the evidence in a neutral light, the evidence is not so weak
that the verdict is clearly wrong and manifestly unjust, and the contrary
evidence is not so strong that the State=s
burden of proof could not be met.  

Appellant testified that he had consumed less than
two beers that night, and his friend, Marvin Segovia, testified that he did not
believe appellant was intoxicated when they were together.  Another friend, Antonio Salazar, provided an
explanation for the presence of beer in appellant=s
pickup.  We do not believe this evidence
is so strong as to prevent the State from meeting its burden.  The jury is the sole judge of the credibility
of the witnesses and of the weight to be given their testimony, and the jury is
entitled to accept one version of the facts and reject another.  Tex.
Code  Crim. Pro. Ann. arts. 36.13
(Vernon 1981) & 38.04 (Vernon 1979); Penagraph v. State, 623 S.W.2d
341, 343 (Tex. Crim. App. 1981).  There
is nothing in the record to suggest that it was irrational for the jury to
accept the testimony of the police officers and reject the testimony of
appellant and his friends.  Point of
Error No. 2 is overruled.

Conclusion

The evidence is legally and factually sufficient to support
appellant=s
conviction.  The judgment of the trial is
affirmed.

 

 

RICK STRANGE

JUSTICE

December
15, 2005

Do not
publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J., and

McCall, J., and Strange,
J.











[1]Officer Smidt testified that the posted speed limit was
forty mph.  Officer Twitty testified that
it was forty-five mph.





[2]The record describes a beer bong as a lengthy plastic
tube with a large funnel attached to the end used to drink beer.





[3]Nystagmus is involuntary jerking of the eyes.  Alcohol enhances a person=s nystagmus, and the HGN test is used by officers to
identify enhanced nystagmus.   





[4]We note that the State did not charge appellant with
the type of DWI in which intoxication is defined by the level of alcohol
concentration in a person=s blood.  See Section
49.01(2)(B).  The State was not,
therefore, required to prove appellant=s precise
blood alcohol content.